IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEROY KEMP, | CIVIL NO. 03-00419 SOM-KSC |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| DR. SISAR PADERES, NURSE NEAL HAYASE, NURSE CORRINA HO, ACO SCOTT KOWOLESKI, and ACO MELVIN MOISSA, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff, an inmate at Halawa Correctional Facility ("HCF"), claims that he suffered from injuries as a result the assistance of staff to seizures he suffered from while incarcerated.  He also claims that two of the seizures were caused by the failure of a member of the medical unit staff to reorder his seizure medication.  As a result, Plaintiff asserts that such treatment constituted deliberate indifference and cruel and unusual punishment in violation of his rights under the Eighth Amendment.  Plaintiff seeks special, general and punitive damages.

174791_1.DOC

Defendants Hayase, Kowalewski, and Buan move this Court to dismiss all claims on the grounds that: 1) the claims against Defendants, in their official capacities, are barred by the Eleventh Amendment, 2) the claims against Defendants, in their official capacities, are barred because they are not "persons" under 42 U.S.C. § 1983, 3) the Defendants are entitled to qualified immunity, and 4) Defendants cannot be held liable for punitive damages.

II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff makes the following claims against the named Defendants, in their individual and official capacities:

Defendant Neil Hayase

Plaintiff claims that on March 29, 2002, Defendant Neil Hayase, a nurse at HCF, failed to reorder medication for Plaintiff and "went to lunch leaving Plaintiff alone and without medication when he suffered a violent seizure causing head injuries." See Am. Compl. ¶ 14.

On April 1, 2002, Plaintiff alleges that Defendant Hayase again failed to reorder medication and Plaintiff suffered another violent seizure. Id. at ¶ 16. He claims that having to depend on Defendant Hayase put Plaintiff at risk of physical harm since insufficient Phenobarbital and Tegrital were kept on hand. Id.

Defendant Scott Kowalewski

Plaintiff claims that Defendant Scott Kowoleski, an Adult Correction Officer ("ACO") at HCF, helped him during a seizure on March 29, 2002. In the process, Plaintiff claims that Defendant Kowoleski "allowed other inmates to assist and in the process a hairbrush was stuck in the plaintiff's mouth resulting in the loss of all his teeth." Id. at ¶ 15.

Defendant Corrina Buan

Plaintiff claims that Defendant Corrina Buan, incorrectly named as "Corrina Ho," caused serious injury to Plaintiff's left knee when she fell backwards on his left leg and foot during an alleged seizure on August 26, 2002. Id. at ¶ 17.

III.   STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(c), provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In its discussion of FRCP Rule 12(c), Moore's Federal Practice states in pertinent part:

> As with the Rule 12(b)(6) motion, under Rule 12(c) the Court must accept the nonmovant's allegations as true; viewing the facts "in the light most favorable to the nonmoving party." Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." The court is not obliged, however, to ignore facts set forth in the complaint that undermine the plaintiff's claim, nor is the court bound by assertions in

3

the complaint that are merely unsupported conclusions of
law.

See, also Carlson v. Reed, 249 F.3d 876 (CA9 2001) and Honey v. Distelrath, 195

F.3d 531 (CA9 1999).

IV.    ARGUMENT

A.    The Claims Against Defendants Buan, Hayase, and Kowolewski, In
Their Official Capacities, Must Be Dismissed Based On Eleventh
Amendment Immunity

The Eleventh Amendment bars Plaintiff's claims against Defendants Buan,

Hayase, and Kowolewski, in their official capacities.  The "eleventh amendment

bars citizen suits against states, institutional arms of the state, and state officials in

their official capacity when the relief sought is retrospective in nature; i.e.,

damages."[1]  Ulaleo v. Paty, 902 F.2d 1395, 1398 (9th Cir. 1990) (citing Green v.

Mansour, 474 U.S. 64, 68 (1985).  "A suit against an official in his official

capacity is a suit against the official's office and not against the official.  As such,

it is a suit against the state."  Bator v. State of Hawaii, 910 F.Supp. 479, 484 (D.

Haw. 1995).  Unless a state unequivocally waives sovereign immunity or Congress

has acted to override that immunity, the state, its agencies, and its officials are

---

[1] The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to
extend to any suit in law or equity, commenced or prosecuted against
one of the United States by citizens of another State, or by Citizens or
Subjects of any Foreign State.

4

immune from suit. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989).

<u>See</u> <u>also</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1978) (suit for damages

against a state officer in official capacity is barred by the Eleventh Amendment).

Defendants Buan, Hayase, and Kowolewski have been sued in their official

capacities. <u>See</u> Am. Compl. ¶¶ 5-7. Plaintiff seeks retrospective relief in the form

of monetary damages. <u>Id.</u> at ¶ 29. The State of Hawaii has not "unequivocally"

waived its immunity from suit for retrospective relief, and Congress has not

overridden the immunity. Therefore, under the protection afforded them under the

Eleventh Amendment, Defendants are immune from suit, and all claims against

them, in their official capacities, must be dismissed.

    B.    The Claims against Defendants Buan, Hayase, and Kowalewski, In
           Their Official Capacities, Should Also Be Dismissed Because They
           <u>Are Not "Persons" Within The Meaning Of 42 U.S.C. § 1983</u>

Plaintiff's claims against Defendants Buan, Hayase and Kowalewski, in their

official capacities, are also barred under 42 U.S.C. § 1983. Section 1983 provides

that any "person" acting under the color of state law in violating another's rights is

liable to that injured party. However, "neither a State nor its officials acting in

their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dept. of</u>

<u>Police</u>, 491 U.S. at 71; <u>Doe v. Lawrence Livermore Nat'l Lab</u>, 131 F.3d 836, 839

(9th Cir. 1997). "Obviously, state officials are literally persons. But a suit against

a state official in her or his official capacity is not a suit against the official but

5

rather is a suit against the official's office. As such, it is no different from a suit against the State itself ." Will, 491 U.S. at 71 (citations omitted).

Official capacity defendants cannot be sued under Section 1983, in either state[2] or federal court. Accordingly, Plaintiff's Section 1983 claims against Defendants in their official capacities fail to state a claim upon which relief can be granted, and must be dismissed.

C.     Defendants, In Their Individual Capacities, Are Entitled to Qualified Immunity

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Government officials who perform discretionary functions have qualified immunity from liability for civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Johnson v. Fankell, 520 U.S. 911, 914-15 (1997) (citation omitted); Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). This immunity extends to prison officials. Neal v. Shimoda, 131 F.3d 818, 832 (9th Cir. 1987) (citing Procunier v. Navarette, 434 U.S. 555 (1978).

---

[2]  Plaintiff cannot maintain a 42 U.S.C. § 1983 claim in state court against the state because it "has not waived its sovereign immunity from § 1983 damages liability." Makanui v. Department of Education, 6 Haw.App. 397, 406, 721 P.2d 165, 171 (1986).

A plaintiff seeking damages for violation of constitutional or statutory rights bears the initial burden of proving that the rights allegedly violated were clearly established at the time of the alleged misconduct. Houghton v. South, 965 F.2d 1532, 1534 (9th Cir. 1992); Davis v. Scherer, 468 U.S. 183, 197 (1984). For the right to be clearly established, its "contours . . . must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The Supreme Court has directed that when defendants seek qualified immunity, Courts should rule on that issue early in the proceedings "so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001). In Saucier, the Supreme Court also spelled out that in ruling on a qualified immunity defense, the initial inquiry concerns "whether a constitutional right would have been violated on the facts alleged, for if no right would have been violated, there is no need for further inquiry into immunity. " Saucier, 533 U.S. at 201.

The right Plaintiff asserts that was violated is that of prisoners to have medical officials who are not deliberately indifferent to serious medical needs. Kelley v. Borg, 60 F.3d 664, 667 (9th cir. 1995). (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment imposes an obligation on prison officials to provide for the basic human needs of

7

prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This obligation includes providing prisoners access to adequate medical care. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A prisoner states a cause of action under 42 U.S.C. § 1983, if he demonstrates that he had a serious medical need and prison officials were deliberately indifferent to it. Id.

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

" A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic pain and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. at 1059-60 (citations omitted).

Furthermore, two minimum requirements must be satisfied in order to establish deliberate indifference: (1) there must be a purposeful act or failure to act

8

on the part of the defendant, and (2) the defendant's denial must have been harmful. McGuckin, 974 F.2d at 1060. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. An accident or inadvertent failure to provide adequate medical care does not create a cause of action under Section 1983. Id.

Moreover, liability under 42 U.S.C. § 1983 arises only upon a showing of the defendant's personal participation in the deprivations complained of. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The defendant must have engaged in an affirmative act, participated in another's affirmative act or omitted to perform an act that he was legally required to do that caused the deprivation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties and responsibilities of each defendant. Id. "Each individual defendant can be liable only for what he or she did personally, not "for any recklessness on the part of any other defendants, singly or as a group." Eades v. Thompson, 823 F.2d 1055, 1063 (7th Cir. 1987).

In the Complaint, Plaintiff alleges that:

1. Defendant Buan was responsible for providing proper and timely medical care to HCF prisoners, and that in the process of helping Plaintiff during a seizure, she fell backwards on his left leg and foot,

2. Defendant Hayase failed to reorder Plaintiff's medication, and

9

3. Defendant Kowolewski, while helping Plaintiff with a seizure, "allowed other inmates to assist and in the process a hairbrush was stuck in the plaintiff's mouth resulting in the loss of all his teeth."

At best, the Complaint only alleges facts upon which a fact finder could find negligence, and negligence does not constitute deliberate indifference. Plaintiff claims that he was injured while Defendants Buan and Kowalewski were helping Plaintiff during an alleged seizure. Such claim is one of negligence, not purposeful conduct. Plaintiff also alleges claims sounding in negligence that Defendant Hayase failed to reorder his medication. Plaintiff does not allege that Defendant Hayase intentionally did not reorder his medication, refused to reorder, or refused to administer his medication. In sum, Plaintiff has alleged no conduct that any of these Defendants purposefully ignored or denied Plaintiff of proper medical treatment. Thus, all claims against Defendants, in their individual capacities, must be dismissed.

D.    Even If Otherwise Amenable to Suit Herein, Defendants Cannot Be Held Liable for Punitive Damages

Plaintiff's prayer for relief includes a claim for punitive damages. However, there is no basis for an award of punitive damages against Defendants, in either their individual or official capacities.

10

Even if the Defendants were otherwise amenable to suit, in their official

capacities, under the circumstances of this case, Plaintiff's claims for punitive

damages against the State must be dismissed based on the express terms of HRS

§ 662-2.  That Section provides as follows:

> **§ 662-2 Waiver and liability of State.**  The State
> hereby waives its immunity for liability for the
> torts of its employees and shall be liable in the
> same manner and to the same extent as a private
> individual under like circumstances, but shall not
> be liable for interest prior to judgment or for
> punitive damages.

(Emphasis added.)

In addition, "Punitive damages may be awarded in cases where the

defendant 'has acted wantonly or oppressively or with such malice as implies a

spirit of mischief or criminal indifference to civil obligations'; or where there has

been 'some willful misconduct or that entire want of care which would raise the

presumption of a conscious indifference to consequences.'" Kaopuiki v. Kealoha,

104 Hawaii 241, 87 P.3d 910, 925, (Hawaii App. 2003)(citation omitted).  In

addition, in order to justify an award of punitive damages, "a positive element of

conscious wrongdoing is always required." Masaki v. General Motors Corp., 71

Haw. 1, 7, 780 P.2d 566, 571 (1989)(citations omitted).   Thus, punitive damages

are not awarded for mere inadvertence, mistake or errors of judgment.  Id.

11

As stated in this memorandum, at most, Plaintiff has alleged negligence on the part of Defendants in their actions.  There are no facts alleged that Defendants acted wantonly, oppressively or with malice.  Thus, Defendants have done nothing that would warrant punitive damages being assessed against them individually in this case.

V.    <u>CONCLUSION</u>

Based on the above-stated reasons and authorities, Defendants respectfully request that the foregoing motion be granted.

DATED:  Honolulu, Hawaii, _____JAN 3 0_____, 2006.

STATE OF HAWAII

MARK J. BENNETT
Attorney General
State of Hawaii

Christine E. Savage
Deputy Attorney General

Attorney for Defendants Neil
Hayase, Scott Kowalewski, and
Corrina Buan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LEROY KEMP,

                  Plaintiff,

    vs.

DR. SISAR PADERES, NURSE NEAL
HAYASE, NURSE CORRINA HO, ACO
SCOTT KOWOLESKI, and ACO
MELVIN MOISSA,

                 Defendants.

CIVIL NO. 03-00419 SOM-KSC

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

       I hereby certify that on the date indicated below, true and correct copies of the foregoing document were duly served by mail on the following at their last known addresses:

          Arthur E. Ross, Esq.
          126 Queen Street, Suite 210
          Honolulu, Hawaii  96813

          Attorney for Plaintiff

     DATED:  Honolulu, Hawaii, January  30 , 2006.

                     CHRISTINE E. SAVAGE
                     Deputy Attorney General

                     Attorney for Defendants

174791_1.DOC