**ARTHUR E. ROSS    #1005**
**126 Queen Street, Suite 210**
**Honolulu, Hawaii 96813**
**Telephone: (808) 521-4343**

**Attorney for Plaintiff**
**LEROY KEMP**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 6 2006

at __3__ o'clock and __4__ min. __1/__ M
SUE BEITIA, CLERK

IN  THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEROY  KEMP | ) | **CIVIL NO. 03-00419 SOM-KSC** |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN OPPOSITION |
| | ) | TO DEFENDANTS NEIL HAYASE, |
| vs. | ) | SCOTT KOWALEWSKI AND |
| | ) | CORINNA BUAN'S MOTION FOR |
| DR. SISAR PADERES and NURSE | ) | JUDGEMENT ON THE |
| NEAL HAYASE, NURSE | ) | PLEADINGS; CERTIFICATE |
| CORRINA HO, ACO SCOTT | ) | OF SERVICE |
| KOWOLESKI, ACO MELVIN | ) | |
| MOISSA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN OPPOSITION TO DEFENDANT S NEIL HAYASE,
SCOTT KOWALEWSKI AND CORINNA BUAN'S MOTION FOR
JUDGEMENT ON THE PLEADINGS

Plaintiff Leroy Kemp, by and through his attorney undersigned, submits his

Memorandum in Opposition to Defendant Neil Hayase, Scott Kowalewski and

Corinna Buan's Motion for Judgment on the Pleadings on the grounds that these

three individuals are Section 1983 persons who are only being sued in their

individual capacities[1] and are not entitled to qualified immunity. However no punitive damages are being sought against these defendants.

ARGUMENT

1.    Motion to Dismiss

A motion to dismiss brought under Rule 12 of the Federal Rules of Civil Procedure must be denied if the plaintiff can show that the allegations set forth in the Complaint entitles the plaintiff to any kind of relief, See  United States v. Gaubert 499 U.S. 315, 1131 S. Ct. 1267, 113 L. Ed 335(1991); Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed. 2d 80 (1957); Tyler v. Cisneros, 136 F. 3d 603 (9th Cir. 1008); Jacobellis v. State Farm Fire and Casualty Company, 120 F. 3d 171 (9th Cir. 1997); Yamaguchi v. United States Department of the Air Force, 109 F. 3d 1475 (8th Cir. 1997); Gibson v. United States, 781 F. 2d 1334 (9th Cir. 1986) Cert. Denied 479 U.S. 1054, 104 S. Ct. 928, 93 L. Ed. 2d 979 (1987). The Complaint  must be liberally construed, and if it shows that the plaintiff is entitled to any relief, whether properly asked for or not, the motion to dismiss must be denied. See Gaubert 499 U.S. 315, 1131 S. Ct. 1267, 113 L. Ed 2d 335; Jacobellis, 120 F. 3d 171; Iruzarry v.  Palm Springs General Hospital, 657 F. Supp. 739 (S.D. Fla. 1986).

---

[1] Reference to "official" capacity is hereby deleted with respect to all named defendants, including Dr. Sisar Paderes.

In resolving a motion to dismiss, the Court is required to view the facts alleged in the Complaint as true, and the motion will be denied if there is the appearance that any kind of relief can be granted. *See* Conley, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80; Jacobellis, 120 F. 3d 171; Morishige v. Spencecliff Corporation, 720 F. Supp. 829 (D.C. Haw. 1989); and Ambling v. Blackstone Cattle Company, 658 F. Supp. 1459 (N.D. Ill. 1987).

A motion to dismiss will not be granted merely because the complaint does not state every element with technical precision. *See* Riemer v. Department of Transportation of Illinois, 148 F. 3d 800 (7th Cir. 1998); and Ambling, 658 F. Supp. 1459. If necessary, the Court must permit the amendment of the complaint so that it does state a cause of action upon which relief can be granted. Jamieson by and through Jamieson v. Shaw, 772 F. 2d 1205 (5th Cir. 1985).

Therefore, a law suit cannot be dismissed if its pleadings spell out or even imply a cause of action. In this case, the First Cause of Action of the Amended Complaint alleges cruel and unusual punishment in violation of the Eighth Amendment due to deliberate indifference to Plaintiff's medical condition by the Defendants. The Second Cause of Action which seeks punitive damages against all Defendants is not being pursued as to these three.

2.  Qualified Immunity

This defense has become a primary means of denying damages to individuals who have suffered a violation of their constitutional rights.  Under a test that protects government officers if the law was not "clearly established at the time of the violation, the court must determine whether in light of the facts of the case, the contours of the right were clearly enough established so that a reasonable officer would know that his conduct was violative of the Constitution. Harlow v. Fitzgerald, 457 U.S. 800(1982).

With respect to Eighth amendment precedent the defendants in the instant case had fair warning that their conduct was unconstitutional. *See* Whitely v. Albers, 475 U.S. 312 (1986) (unnecessary and wanton infliction of pain constitutes cruel and unusual punishment); Rhodes v. Chapman, 452 U.S. 337, 346 (1981)(inflictions of pain without penological justification violate the Eighth Amendment).

The Ninth Circuit has recognized that access to medical staff is meaningless unless the staff is competent to render care. *See* Ortiz v. City of Imperial, 884 F. 2d 1312, 1314 (9th Cir. 1989) (deliberate indifference when medical staff disregarded evidence of complications to head injury and prescribed contra-indicated sedatives); La Faut v. Smith, 834 F.2d 389, 392-94 (deliberate indifference

4

because prison officials failed to provide inmate with adequate treatment for kidney infection and broken leg, adequate rehabilitation therapy, and handicap bar in inmate's cell or in carpentry shop where inmate worked); <u>Scicluna v. Wells,</u> 345 F. 3d 441, 445-46 (6th Cir. 2003) (deliberate indifference claim stated when doctor transferred inmate with severe head injury and possible brain damage to medical facility that doctor allegedly knew did not have facilities to treat the injury); <u>Hughes v. Joilet Correctional Center</u>, 931 F. 2d 425, 427-28 (7th Cir. 1991) ( deliberate indifference because inmate alleged that prison officials denied him crutches while recovering from spinal injury, and inmate later diagnosed as paraplegic by specialist); <u>Farrow v. West</u>, 320 F.3d 1235, 1246 (11th Cir. 2003) (deliberate indifference when inmate had only 2 teeth, causing severe gum soreness, swelling, and weight loss, because prison doctor failed to complete and deliver medically necessary dentures for 15 months, despite knowledge of inmate's ongoing pain and medical problems).

It is noteworthy the Supreme Court made no suggestion that qualified immunity was unavailable in an Eighth Amendment context. A number of Circuits have held that where the plaintiff asserts a claim requiring proof of deliberate indifference or malicious and sadistic state of mind, and produces enough evidence from which a jury could find the requisite mental state, qualified

immunity is not available. *See*, e.g., <u>Clement v. Gomez</u>, 298 F. 3d 898, 906 (9th

Cir. 2002) ("the general law regarding the medical treatment of prisoners was

clearly established at the time of the incident . . . Furthermore, it was also clearly

established that the officers could not intentionally deny or delay access to medical

care . . . while a resolution of the factual issues may well relieve the prison

officials of any liability in this case, if the prisoner's version of the facts were to

prevail at trial, a jury might conclude that the officers were deliberately indifferent

to such needs during the four hour period after the incident.  Various supervisory

officials may also have been deliberately indifferent to obvious risks of injury.

Under such circumstances, the official's actions are not protected by his qualified

immunity."); <u>Walker v. Benjamin</u>, 293 F. 3d 1030, 1037(7th Cir. 2002) ('[A]

plaintiff claiming an Eighth Amendment violation must show the defendant actual

knowledge of th threat to the plaintiff's health or safety, the defendant's failure to

take reasonable measures, and the defendants subjective intent to harm or

deliberate indifference . . . If there are genuine issues of fact concerning these

elements, a defendant may not avoid trial on the grounds of qualified immunity.")

Even though the constitutional issue turns on the defendant's state of mind,

here, deliberate indifference to a substantial risk of serious harm should of been

evident to each of the defendants, that his or her conduct was unlawful when they

6

observed the plaintiff in the throes of a seizure writhing on the floor. Therefore questions of fact regarding these elements remain that preclude the granting of qualified immunity at this time.

3.     Conclusion

Based upon the foregoing, the Amended Complaint states a cause of action against the Defendants for Eighth Amendment violations. Therefore, the Defendant's motion for judgment on the pleadings must be denied.


DATED: Honolulu, Hawaii, February 16, 2006.

ARTHUR E. ROSS
Attorney for Plaintiff
LEROY KEMP

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly delivered to the following

person(s):

|  | By: | HAND DELIVERY | U.S. MAIL |
|---|---|---|---|

TO:

MARK BENNETT    #2672          ( X )          (    )
Attorney General
CINDY S. INOUYE    #3968
Deputy Attorney General
CHRISTINE E. SAVAGE #7788
Deputy Attorney General
Department of the Attorney General
State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813

Attorneys for Defendants
DR. SISTAR PADERES
NURSE NEAL HAYASE,
NURSE CORRINA HO,
ACO SCOTT KOWOLESKI, and
ACO MELVIN MOISSA

DATED: Honolulu, Hawaii, February 16, 2006.

_____
ARTHUR E. ROSS
Attorney for Plaintiff
LEROY KEMP